**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE**

Thomas Trupiano

    v.                                              Civil No. 09-cv-101-PB

Grafton County Department of Corrections

**REPORT AND RECOMMENDATION**

    Pro se plaintiff Thomas Trupiano has filed a complaint, pursuant to 42 U.S.C. § 1983, alleging that he was denied adequate medical care in violation of his rights under the Eighth Amendment to the United States Constitution (document nos. 1 and 7).[1]  Seeking injunctive and monetary relief, he brings this action against Glenn Libby, Superintendent of the Grafton County Department of Corrections ("GCDOC").[2]  The complaint is before me for preliminary review to determine whether, among other things, it states a claim upon which relief may be granted.  See 28 U.S.C. § 1915A; U.S. District Court for the District of New

---

[1]Trupiano broadly refers to the supplemental jurisdiction of this court without identifying any state law claim.  I therefore construe the complaint to allege only federal claims.

[2]I liberally construe the claims against the GCDOC to be brought against Glenn Libby in his representative capacity as Superintendent of the GCDOC.

Hampshire Local Rule ("LR") 4.3(d)(2). For the reasons stated below, I find that Trupiano has alleged an Eighth Amendment claim, premised upon the denial of adequate medical care, against Libby in his representative capacity as Superintendent of the GCDOC. Also filed is a request for preliminary injunctive relief which I recommend be denied as moot.

## Standard of Review

In conducting a preliminary review, the court liberally construes pro se pleadings, however inartfully pleaded. See Erickson v. Pardus, ___ U.S. ___, 127 S. Ct. 2197, 2200 (2007) (following Estelle v. Gamble, 429 U.S. 97, 106 (1976) and Haines v. Kerner, 404 U.S. 519, 520-21 (1972) to construe pro se pleadings liberally in favor of the pro se party). See also Castro v. United States, 540 U.S. 375, 381 (2003) (noting that courts may construe pro se pleadings so as to avoid inappropriately stringent rules and unnecessary dismissals of claims). "The policy behind affording pro se plaintiffs liberal interpretation is that if they present sufficient facts, the court may intuit the correct cause of action, even if it was imperfectly pled." Ahmed v. Rosenblatt, 118 F.3d 886, 890 (1st Cir. 1997).

At this preliminary stage of review, all factual assertions made by the plaintiff and inferences reasonably drawn therefrom must be accepted as true. See Aulson v. Blanchard, 83 F.3d 1, 3 (1st Cir. 1996)(stating the "failure to state a claim" standard of review and explaining that all "well-pleaded factual averments," not bald assertions, must be accepted as true). This review ensures that pro se pleadings are given fair and meaningful consideration.

## Background

Trupiano is an inmate at the New Hampshire State Prison ("NHSP"). This action arises from events that occurred on July 26, 2006, when he was confined overnight at the GCDOC. On that day, Grafton County Sheriffs allegedly transported Trupiano from a hospital to the GCDOC while he was unconscious and suffering from open wounds on both thighs. The open wounds allegedly were severe and required skin grafting. Trupiano claims that he should not have been admitted to the GCDOC in light of his severe medical condition and his continued need for hospitalization. He further claims that as a result of being confined at the GCDOC, he contracted an infection. The next morning, Captain LaFond, an employee of the GCDOC, observed Trupiano's condition and

immediately ordered him to be transported back to the hospital, where he remained for one and one half months.  During his hospitalization, Trupiano claims, a nurse commented that his condition was so severe that she thought he would "lose [his] legs."  Trupiano now brings this action, alleging that defendant's acts and omissions constituted a denial of adequate medical care in violation of his federally protected rights.

**Discussion**

I.   Section 1983 Claims

Section 1983 creates a cause of action against those who, acting under color of state law, violate federal law.  See 42 U.S.C. § 1983; Parratt v. Taylor, 451 U.S. 527, 535 (1981); Rodriguez-Cirilo v. Garcia, 115 F.3d 50, 52 (1st Cir. 1997).  In order to be held liable for a violation under Section 1983, a defendant's conduct must have been a cause in fact of the alleged constitutional deprivation.  See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 692 (1978); Soto v. Flores, 103 F.3d 1056, 1061-62 (1st Cir. 1997).  Because Trupiano alleges a violation of federal constitutional law, his suit arises under Section 1983.

A.   Denial of Adequate Medical Care

The Eighth Amendment protects convicted inmates from prison officials acting with deliberate indifference to their serious

medical needs.  See Farmer v. Brennan, 511 U.S. 825, 831 (1993). To state an Eighth Amendment claim premised on inadequate medical care, "a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs."  Estelle, 429 U.S. at 97.  To be found deliberately indifferent, a prison official "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference."  Id. See also Farmer, 511 U.S. at 837.  Deliberate indifference may be manifested by prison doctors in their response to the prisoner's needs or by prison personnel "intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed."  Estelle, 429 U.S. at 104-05.  "A 'serious medical need' is one 'that has been diagnosed by a physician as mandating treatment, or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention.'"  See Mahan v. Plymouth County House of Corrections, 64 F.3d 14, 17-18 (1st Cir. 1995)(quoting Gaudreault v. Salem, 923 F.2d 203, 208 (1st Cir. 1990).

   Construed very liberally, the complaint in this action alleges the minimal facts necessary to state an Eighth Amendment claim for the denial of adequate medical care against Libby.

First, Trupiano has described a serious medical need, namely that upon his admission to the GCDOC he suffered from severe open leg wounds that required skin grafting.  Second, construed liberally, the complaint demonstrates deliberate indifference with respect to Libby by alleging that in his capacity as Superintendent of the GCDOC he knew, or should have known, of Trupiano's medical condition and needs at the time of intake.  The complaint further alleges that despite this knowledge, Libby failed to ensure that Trupiano was provided with adequate medical care and/or placed him at serious risk of harm.  As a result of Libby's acts and omissions, Trupiano allegedly contracted an infection and was subsequently hospitalized for one and one half months.  If true, the allegations may demonstrate that Libby prevented him from receiving adequate care for a serious medical condition.  Accordingly, I find that Trupiano has stated a Eighth Amendment claim, premised upon the denial of adequate medical care, against Libby.

    B.   Request for Injunctive Relief

    Trupiano requests this Court for preliminary injunctive relief, presumably against Libby in his representative capacity as Superintendent of the GCDOC.  Because Trupiano is an inmate at the NHSP and is no longer incarcerated at the GCDOC, I recommend

that his request for injunctive relief be denied as moot.

## Conclusion

For the reasons stated above, I find that Trupiano has alleged an Eighth Amendment claim, premised upon the denial of adequate medical care, against Libby in his representative capacity as Superintendent of the GCDOC. I further recommend that Trupiano's request for injunctive relief be denied as moot. Accordingly, by separate order issued simultaneously herewith, I authorize the above viable claim to proceed.

If this recommendation is approved, the claims as identified in this report and recommendation, will be considered for all purposes to be the claims raised in the complaint. If the plaintiff disagrees with the identification of the claims herein, he must do so by objection filed within ten (10) days of receipt of this report and recommendation, or he must properly move to amend the complaint.

Any further objection to this report and recommendation must be filed within ten (10) days of receipt of this notice. Failure to file objections within the specified time waives the right to appeal the district court's order. See 28 U.S.C. § 636(b)(1); see also Unauthorized Practice of Law Committee v. Gordon, 979 F.2d 11, 13-14 (1st Cir. 1992); United States v. Valencia-Copete,

792 F.2d 4, 6 (1st Cir. 1986).

                                                                         _/s/ James R. Muirhead_
                                                                         James R. Muirhead
                                                                         United States Magistrate Judge

Date: April 17, 2009

 cc: Thomas Trupiano, pro se